UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

MARK CHABAN,                                      Case No. 15-cv-13383

    Debtor-Appellant.                       HONORABLE STEPHEN J. MURPHY, III

_____/

## ORDER AFFIRMING THE BANKRUPTCY COURT'S DECISION

Debtor-Appellant Mark Chaban ("Chaban") appeals to the Court from a decision of the Bankruptcy Court for the Eastern District of Michigan. The Court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a), and reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re AMC Mortg. Co.*, 213 F.3d 917, 920 (6th Cir. 2000). For the reasons set forth below, the Court will affirm the bankruptcy court's decision.

## BACKGROUND

On July 1, 2015, Chaban appealed the bankruptcy court's order granting in part Plaintiff Fred Freeman's ("Freeman") motions for summary judgment in an adversary case associated with Chaban's personal Chapter 7 bankruptcy petition ("First Appeal"). Not. Appeal, No. 15-12361, ECF No. 1. On January 22, 2016, the Court denied the First Appeal. *Matter of Chaban*, No. 15-cv-12361, 2016 WL 354308 (E.D. Mich. Jan. 22, 2016). That order details the background events for the instant appeal, and the Court will incorporate that portion of the order here. *Id.* at *1.

On July 23, 2015, while that appeal was still pending before the Court, Chaban moved for sanctions under Federal Rule of Bankruptcy Procedure ("FRBP") 9011 against Freeman

in the adversary case. Mot. Sanct., No. 14-05126, ECF No. 53. The bankruptcy court held a motion hearing, and found that although the First Appeal was not determinative of the outcome of the sanctions motion, it was relevant insofar as it went to the merits of the sanctions motion. Hearing Audio, *Id.*, ECF No. 108. Accordingly, the bankruptcy court denied the sanctions motion without prejudice pending the outcome of the First Appeal. Order, No. 14-05126, ECF No. 111. The present matter is Chaban's appeal of that order. Not. Appeal, No. 15-13383, ECF No. 1.

## DISCUSSION

Because the bankruptcy court dismissed the sanctions motion without prejudice, it has yet to address the merits of the motion. Now that the Court has denied the First Appeal, Chaban is free to re-file his motion for sanctions in the bankruptcy court, and the bankruptcy court may decide it on its merits. Here, the Court need only determine whether the bankruptcy court acted within its discretion by denying the motion without prejudice while the First Appeal was pending.

A bankruptcy court may impose sanctions under FRBP 9011(c) if "after notice and a reasonable opportunity to respond," the court determines that FRCP 9011(b) has been violated. Fed. R. Bankr. P. 9011. The Court reviews a bankruptcy court's award or denial of sanctions for an abuse of discretion. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir.1996). A court abuses its discretion when (1) its decision is based on an erroneous conclusion of law; (2) its findings are clearly erroneous; or (3) its decision is unreasonable, arbitrary, or fanciful. *In re M.T.G., Inc.*, 298 B.R. 310, 317 (E.D. Mich. 2003).

The Court finds that the bankruptcy court did not abuse its discretion by denying Chaban's motion for sanctions without prejudice for renewal. After considering the parties'

briefed arguments and holding a motion hearing, the bankruptcy court decided that the prudent course was to either (1) defer action until disposition of the First Appeal, or (2) deny the sanctions motion without prejudice for renewal, with the renewal to take place after the disposition of the First Appeal. It chose the latter course, and now that the First Appeal has been decided, the Court finds no reason to deny the bankruptcy court an opportunity to address the sanctions motion on its merits.

## CONCLUSION

For the reasons stated above, the Court will deny Chaban's appeal. The Court also reiterates its November 3, 2015 order in Case No. 15-11879, pursuant to which Chaban is "barred from filing further appeals from the bankruptcy court without the express prior approval of the Court," Order 3, No. 15-11879, ECF No. 10, and reminds Chaban that failure to comply with this order will likely result in a finding of contempt.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the bankruptcy court's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 19, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 19, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager