UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

MARK CHABAN,

    Debtor-Appellant.

                                          /

Case No. 2:15-cv-13383

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER GRANTING MOTION TO ALLOW APPEAL [11]**

Over an eight-month period, the Court rejected four of Debtor-Appellant Mark Chaban's bankruptcy appeals. *See* Case Nos. 2:14-cv-14559, 2:15-cv-11879, 2:15-cv-12361, 2:15-cv-13383. The Court barred Chaban from filing further appeals without the express, prior approval of the Court, and instructed the Clerk to reject any appeal filed without the Court's permission "lest [Chaban] continue to use the Court's resources for vexatious purposes." No. 2:15-cv-11879, ECF 10, PgID 426, 428. The Court reminded Chaban of this restriction in two subsequent orders, the latter of which contained a warning that noncompliance may result in a finding of contempt. *See* No. 2:15-cv-12361, ECF 20, PgID 384; No. 2:15-cv-13383, ECF 9, PgID 103. In the instant motion, Chaban seeks the Court's permission to file a fifth appeal, and challenges the Court's authority to bar the appeal. ECF 11. He filed the fifth appeal before the Court addressed the instant motion. *See* No. 2:17-cv-11139, ECF 1.

Federal district courts have a "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1259–61 (2d Cir. 1984) (affirming in part a district court's injunction prohibiting a party from, among other things, "filing an appeal from [] bankruptcy proceedings without first obtaining leave of the court in which he seeks to file the appeal").

To exercise their inherent authority, federal courts may "'impose carefully tailored restrictions' upon 'abusive litigants.'" *Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at *3 (E.D. Mich. Nov. 25, 2014) (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986)). Although a plaintiff may not be "absolutely foreclosed from initiating an action in a court of the United States," district courts may "require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

To determine whether a pre-filing injunction is appropriate, the Court considers: (1) the litigant's history of vexatious, harassing or duplicative lawsuits; (2) whether the litigant has an objective, good-faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 940 n.18 (6th Cir. 2002). If a litigant "is likely to continue to abuse the judicial process and harass other parties," then a pre-filing injunction is warranted. *Scott*, 2014 WL 6675354, at *4 (quotations omitted).

Chaban has filed a series of appeals in the Court over the past few years, each of which has been rejected by the Court, and one of which was rejected by the United States Court of Appeals for the Sixth Circuit. Chaban's history of vexatious litigation began in state court and proceeded through federal bankruptcy court. The Court has thoroughly documented that history in Case No. 2:15-cv-12361, ECF 20, and need not restate it here.

Chaban's motives for filing these appeals are unclear, but his behavior shows that he has no objective, good-faith expectation of prevailing. As stated earlier, "[t]he amount of judicial time and resources wasted by Chaban's vexatious litigation and the negative toll that it has taken on the parties to Chaban's harassment is an abuse of the judicial system." No. 2:15-cv-12361, ECF 20, PgID 383–84. Instead of wasting those resources on Chaban's appeals, the Court should be assisting parties who file legitimate claims in good faith, supported by arguable bases in law and fact.

Chaban argues, however, that the Court exceeded its authority under Federal Rule of Bankruptcy Procedure 8020 when it enjoined him from filing bankruptcy appeals. ECF 11, PgID 109–11. District courts have the authority to enjoin serial filers of bankruptcy appeals. *See, e.g.*, *In re Martin-Trigona*, 737 F.2d at 1259. But Chaban has yet to become the kind of "serial filer" whose appeals should be enjoined, and the Court has yet to consider "whether other sanctions would be adequate to protect the courts and other parties" from Chaban's habitual abuse of the judicial process. *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d at 940 n.18. Accordingly, the Court will allow Chaban to proceed with his appeal in Case Number 2:17-cv-11139.

**WHEREFORE**, it is hereby **ORDERED** that Chaban's Motion to Allow Appeal [11] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: June 13, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 13, 2017, by electronic and/or ordinary mail.

                                s/David P. Parker
                                Case Manager